IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

CURTIS CRAFT                                                                          PLAINTIFF

v.                                          Case No. 6:07CV06002

OUACHITA TECHNICAL COLLEGE;                                        DEFENDANTS
and BLAKE ROBERTSON

## MEMORANDUM OPINION AND ORDER

Plaintiff brings this claim under Title VII, 42 U.S.C. § 2000e, *et seq.* and 42 U.S.C. §
1981. In his complaint, Plaintiff alleges racial discrimination and retaliation.  Currently before
the Court is the Defendants' Motion to Dismiss (Doc. 3), and for the reasons that follow,
Defendants' Motion is granted in part and denied in part.

**Background**

As pled by the Plaintiff, Defendant Ouachita Technical College ("OTC") is a technical
college located in Malvern, Arkansas.  Defendant Blake Robertson ("Robertson") is the Vice
President for Adult and Workforce Education at OTC. (Doc. 1)  Plaintiff, an African American
male, was hired as an administrator of the Career Pathways Program, under an employment
contract commencing on July 26, 2005. (Doc. 1).  On February 20, 2006 Plaintiff received notice
from Robertson that there was concern about Plaintiff's attitude toward his supervisor and co-
workers.  Plaintiff had not received any prior complaints regarding his work performance or
attitude, and he filed a grievance against Robertson on this reprimand.

On April 6, 2006, Plaintiff filed charges of racial discrimination and retaliation against
both Defendants with the Equal Employment Opportunity Commission ("EEOC").  (Doc. 1)
Plaintiff was terminated on April 7, 2006. (Doc. 1) The stated reason for Plaintiff's termination

was Plaintiff's inadequate job performance.  OTC's policy and rules regarding termination of

Plaintiff's contract requires notice to Plaintiff by January 1 and Plaintiff contends he never

received this notice.  Plaintiff also alleges similarly situated white employees have been treated

more favorably by OTC.        Plaintiff received his Right to Sue on October 4, 2006 (Doc. 1) and

filed his complaint on January 3, 2007, alleging racial discrimination and retaliation for filing

a grievance.  (Doc. 1)

**Discussion**

Defendants move for dismissal contending that the statute of limitations has run and that

service of process was insufficient as to OTC.  Defendants also contend that Robertson is not a

proper defendant and that both defendants are entitled to sovereign immunity.  Defendants also

assert that Plaintiff can not make out a prima facie case for racial discrimination or retaliation

under Title VII and has  failed to state a claim upon which relief can be granted.  (Doc. 3).

In determining whether a motion to dismiss should be granted, the court must test the

legal sufficiency of a complaint.  A motion to dismiss should only be granted if it appears from

the face of the complaint that the plaintiff cannot prove any set of facts to support his claims for

relief.  *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986).

### A.        Statute of Limitations

Defendants assert that Plaintiff's action is barred due to the ninety-day time limitation

imposed by 42 U.S.C. § 2000e-5(f)(1).  The ninety-day time period begins on the date Plaintiff

received notice of his right to sue by the EEOC.  A jurisdictional prerequisite to a federal action

under Title VII is the receipt by plaintiff of the Commission's statutory right to sue letter.

2

*McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 798 (1973).  The EEOC's right to sue letter in this case was dated and postmarked October 5, 2006.   The earliest that Plaintiff could have received the notice was October 6, 2006, and  Plaintiff's complaint was filed on January 3, 2007.

Plaintiff filed his complaint within the ninety-day time period as required under 42 U.S.C. § 2000e-5(f)(1), and Defendants' motion to dismiss is DENIED as to the statute of limitations issue.

### B.      Sufficient Process

Rule 4(b) of the Federal Rules of Civil Procedure requires that a summons, or a copy of the summons if addressed to multiple defendants, shall be issued for each defendant to be served. The plaintiff has the ultimate burden of establishing the validity of service of process.  *Northrup King Co. v. Compania Productora Semillas Algodoneras Selectas, S.A.*, 51 F.3d 1383, 1387 (8th Cir. 1995). The procedural requirement of service of summons must be satisfied for a court to have jurisdiction over a defendant.  *Omni Capital Intern., Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987).   Normally, a plaintiff meets this burden by filing proof of service as required by Rule 4 and submitting affidavits establishing service.  *Fredericks v. Elliot*, 716 F.2d 522, 523 (8th Cir. 1983).

Plaintiff has provided a copy of a certified mail-return receipt, dated January 23, 2007 which reflects the delivery was received by Dr. Blake Robertson, Vice President for Workforce Education, Ouachita Technical College.  Plaintiff has thus met his burden of proof regarding service to Defendant Robertson, in his official capacity. Plaintiff admits that service of summons

3

AO72A
(Rev. 8/82)

has only been attempted as to the Defendant OTC.

Since Plaintiff did not issue separate summons for OTC or its registered agent, there is no service of process for OTC. Plaintiff asserts that because Defendants have filed a motion to dismiss, service must be sufficient. Rule 12 of the Federal Rules of Civil Procedure states insufficiency of process may be asserted by motion before pleading.

Because service of process is insufficient, this Court does not have jurisdiction over OTC as a defendant. However, Defendants' motion to dismiss is DENIED and the Court allows Plaintiff until **May 25, 2007** to effectuate service upon OTC. Accordingly, Defendants' Motion to Dismiss due to insufficient service of process is DENIED without prejudice to Defendants' motion to renew it at a later date.

### C.    Employer as Defined by Title VII

Plaintiff named Blake Robertson, the Vice President for Adult and Workforce Education at OTC as a defendant in this suit, pursuant to Title VII and 42 U.S.C. § 1981. Plaintiff alleges that the discussion with Robertson concerning his attitude was racially motivated and his termination was a result of the grievance he filed against Robertson as well as for filing a charge with the EEOC.

Title VII prohibits an employer from discriminating against an individual with respect to his compensation, terms, conditions, or privileges of employment on the basis of race, sex, nationality, or religion. 42 U.S.C. § 2000e-2(a)(1). Title VII does not permit the imposition of

4

liability on individuals unless they meet Title VII's definition of employer. *Grant v. Lone Star Co.*, 123 F.3d 649, 653 (8th Cir. 1994).   Similarly, § 1981 prohibits an employer from intentionally discriminating against an employee on the basis of race. *Edwards v. Jewish Hosp.*, 855 F.2d 1345, 1348  (8th Cir. 1988).

Plaintiff's complaint is silent regarding the capacity in which he is suing Robertson.  In order to sue a public official in his individual capacity, a plaintiff must expressly and unambiguously state so in the pleadings, otherwise it will be assumed the defendant is sued only in his official capacity. *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). A suit against a state official in his official capacity is not a suit against the official but is rather a suit against the official's office. *Brandon v. Holt*, 469 U.S. 464, 471 (1985).  The Eleventh Amendment bars suit against state officials acting in their official capacity. *Morstad v. Department of Corrections and Rehabilitation*, 147 F.3d 741, 744 (8th Cir. 1998).  *See also Larson v. Kemper*, 414 F.3d 936, 939 (8th Cir. 2005).

Plaintiff asserts his action is against Robertson in his official capacity and that he is being sued pursuant to 42 U.S.C. § 1983.  (Doc. 7) Plaintiff agrees that Robertson may not be sued as an employer under Section 1981 but contends to the Court that Robertson is being sued pursuant to 42 U.S.C. § 1983, rather than Section 1981.  This is not reflected within the Complaint. Plaintiff requests that he be allowed to amend to clarify his claims against Robertson.

Defendants' motion is GRANTED as to Defendant Robertson and Plaintiff's claims against Defendant Robertson under Section 1981 will be DISMISSED, but Plaintiff's motion to file an amended complaint is GRANTED.  Plaintiff shall have ten (10) days from this date to file

his amended complaint.

**Conclusion**

The court does not reach Defendants' arguments regarding sovereign immunity, or Plaintiff's failure to establish a prima facie case.  Defendants may raise these arguments as appropriate after Defendant OTC has been served and brought into the case and after Plaintiff has filed any amendment.

Based on the foregoing, Defendants' Motion to Dismiss (Doc. 3) is GRANTED in part and DENIED in part.

IT IS SO ORDERED this 26th day of April, 2007.

/s/ Robert T. Dawson

Honorable Robert T. Dawson

United States District Judge

6