```
          IN THE UNITED STATES DISTRICT COURT
             WESTERN DISTRICT OF ARKANSAS
                  HOT SPRINGS DIVISION
```

**CURTIS CRAFT**                                            **PLAINTIFF**

**v.**               **CASE No. 6:07-CV-06002**

**OUACHITA TECHNICAL COLLEGE;**
**DR. BARRY J. BALLARD, in his individual**
**and official capacity as President of**
**Ouachita Technical College; DR. BLAKE**
**ROBERTSON, in his individual and official**
**capacity as Vice President of Adult and**
**Workforce Services at Ouachita Technical**
**College; and BOARD OF TRUSTEES FOR OUACHITA**
**TECHNICAL COLLEGE**                                       **DEFENDANTS**

### ORDER

Before the Court are Defendants' Motion to Dismiss Plaintiff's Amended Complaint (Doc. 20), and Brief in Support (Doc. 21), and Plaintiff's Response (Doc. 22), and Brief (Doc. 23). Plaintiff alleges he was terminated from his employment because of his race and in retaliation for filing an internal grievance, pursuant to Title VII, 42 U.S.C. § 2000(e) et. seq., and 42 U.S.C. § 1983. For the reasons stated herein, Defendants' Motion to Dismiss is **DENIED** in part and **GRANTED** in part.

**A. Background**

Plaintiff, an African American male, was hired by Ouachita Technical College ("OTC") to serve as an administrator of the Career Pathways Program, under an employment contract that

commences on July 26, 2005. (Doc. 1) On February 20, 2006, Plaintiff received a reprimand from the Defendant, Dr. Blake Robertson ("Robertson"), Vice President of Adult and Workforce Education at OTC, stating that there was concern about Plaintiff's attitude toward his supervisor and co-workers. Plaintiff filed a grievance against Robertson as a result of this reprimand because he had not received any prior complaints regarding his work performance or attitude. On April 6, 2006, Plaintiff filed charges of racial discrimination and retaliation against OTC and Robertson with the Equal Employment Opportunity Commission ("EEOC"). (Doc. 1) Plaintiff was terminated for inadequate job performance on April 7, 2006. OTC's policy and rules require notice be given by January 1, in order to terminate an employment contract. Plaintiff alleges he was not given such notice and that similarly situated white employees of OTC have been treated more favorably. Plaintiff received his Right to Sue letter on October 4, 2006, and filed his first Complaint on January 3, 2007, alleging racial discrimination and retaliation for filing a grievance. (Doc. 1)

On April 26, 2007, this Court entered an Order denying and granting in part a Motion to Dismiss filed by the Defendants, and which granted Plaintiff's Motion to File an Amended Complaint. (Doc. 10) On May 8, 2007, the Plaintiff filed an Amended Complaint against OTC, the Board of Trustees of OTC ("Board"), Dr. Barry J. Ballard ("Ballard"), and Dr. Blake

Robertson, both in her individual and official capacities, alleging racial discrimination and retaliation. (Doc. 13) Plaintiff requests damages, an injunction, a declaratory judgment and such legal and equitable relief as authorized by law.

On July 20, 2007, the Defendants filed a Motion to Dismiss Plaintiff's Amended Complaint for failure to state a claim upon which relief can be granted. The Defendants contend that the Plaintiff must seek redress before the Arkansas Claims Commission for his breach of contract claim, that the Plaintiff's 42 U.S.C. § 1983 claim against OTC, the Board, and Ballard and Robertson, in their official capacities, is barred by the Doctrine of Sovereign Immunity and the Eleventh Amendment to the U.S. Constitution, and that Plaintiff's Title VII claims against Ballard and Robertson, in both their individual and official capacities, are not cognizable because they are "employees" of OTC rather than "employers" as is required to sustain an action under Title VII.

**B. Discussion**

In determining whether a motion to dismiss should be granted, the court must test the legal sufficiency of a complaint. A motion to dismiss should only be granted if it appears from the face of the complaint that the plaintiff cannot prove any set of facts to support his claims for relief. *Morton*

*v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986).

In his response to the Defendants' Motion to Dismiss, the Plaintiff clarifies his cause of action claims. He seeks relief under 42 U.S.C. § 2000(e) (Title VII of the Civil Rights Act as amended) against only OTC and the Board for racial discrimination and retaliation in the form of injunctive relief, back pay, compensatory damages, and attorney's fees and costs. He seeks relief under 42 U.S.C. § 1983 against both Ballard and Robertson, individually and in their official capacities, in the form of prospective injunctive relief, or reinstatement, for the latter, and back pay, compensatory damages, and attorney's fees and costs for the former. Therefore, this Court does not need to address the Defendants' argument that the OTC and the Board are barred by the Doctrine of Sovereign Immunity and the Eleventh Amendment with regard to the 42 U.S.C. § 1983 claim, or the argument that the Plaintiff's Title VII claims against Ballard and Robertson are not cognizable because they are not "employers".

The Plaintiff seeks only prospective injunctive relief, or reinstatement under 42 U.S.C. § 1983 for his claims against Ballard and Robertson in their official capacities. The Eleventh Amendment protects states and state agencies from suit by private citizens. *Doe v. Nebraska,* 345 F.3d 593, 597 (8th Cir. 2003). However, state officials may still be sued for prospective injunctive relief without violating the Eleventh

Amendment. *Heartland Acad. Cmty. Church v. Waddle*, 427 F.3d 525, 530 (8th Cir. 2005). State officials acting in their official capacities are considered to be "persons" under 42 U.S.C. § 1983 when they are sued only for prospective injunctive relief. *Will v. Michigan Dept. Of State Police,* 491 U.S. 58 (1989). Therefore, the 42 U.S.C. § 1983 claims for prospective injunctive relief against Ballard and Robertson, in their official capacities, will be allowed to proceed. The motion to dismiss the breach of contract claim is granted. The Plaintiff concedes in his response that he must pursue that claim through the Arkansas Claims Commission.

**C. Conclusion**

The Defendants' argument that the OTC and the Board are barred by the Doctrine of Sovereign Immunity and the Eleventh Amendment with regard to the 42 U.S.C. § 1983 claim fails because the Plaintiff is not suing OTC and the Board under 42 U.S.C. § 1983. The argument that the Plaintiff's Title VII claims against Ballard and Robertson are not cognizable because they are not "employers" also fails because the Plaintiff is not suing Ballard and Robertson under Title VII. The argument that Ballard and Robertson cannot be sued in their official capacities under 42 U.S.C. § 1983 fails for the Plaintiff seeks only prospective injunctive relief with regard to that claim. Lastly, the motion to dismiss the breach of contract claim is

granted.  The Plaintiff concedes it should be pursued through the Arkansas Claims Commission.

Accordingly, Defendants' Motion to Dismiss Plaintiff's Amended Complaint (Doc. 20) is **DENIED** in part and **GRANTED** in part.  Defendants are given until **October 22, 2007** to file responses.

**IT IS SO ORDERED this 5th day of October, 2007.**

                                         */s/ Robert T. Dawson*
                                         Robert T. Dawson
                                         United States District Judge